## Commonwealth v. Greenwood

*Howard R. Berninger*, District Attorney, for Commonwealth.

No appearance for defendants.

KREISHER, P. J., November 21, 1960. The above-captioned defendants entered their voluntary pleas of guilty to the above-stated charge in open court on November 16, 1959, at which time each defendant was sentenced to pay the costs of prosecution, a fine of $1 and undergo imprisonment in the Columbia County Jail for an indeterminate period of not less than three months nor more than six months, said jail sentence to be computed from October 23, 1959.

Both of the said defendants were migrant farm laborers residing temporarily in this county at the time of the alleged offense, Greenwood's home being in Atlanta, Ga., and Emerson's home being in Brooklyn, N. Y.

On February 1, 1960, defendants having served more than the minimum sentence imposed were paroled from the county jail and placed on probation in the custody of the county detective of Columbia County for a period of one year, conditioned that they pay the fine and costs imposed during the period of their probation.

Said defendants were permitted to return to their respective homes which were beyond the jurisdiction of the court, and they have failed to comply with the terms of their probation by making any payments on account of said fine and costs.

The justice of the peace before whom the informations were lodged and the prosecuting officer have repeatedly demanded of the County Commissioners of Columbia County to be paid their respective costs, which requests have been refused. The matter has

now been brought to the attention of the court with demand that the commissioners be ordered to make said payments and this matter is now before us for disposition.

The Act of May 19, 1887, P. L. 138, 19 PS §1225, provided that: "The costs of prosecution accruing in every case of misdemeanor in any of the courts of quarter sessions of the peace of this commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury and sentence of the court thereon, be immediately chargeable to and paid by the proper county."

Therefore, under this act of assembly, as applied to the foregoing facts, the county was not liable for the payment of the costs. However, this act of assembly was amended by the Act of June 28, 1957, P. L. 438, which reads, in part, as follows:

"The costs of prosecution accruing in every case of misdemeanor in any of the courts of this Commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury *or by a plea of guilty and sentence* or suspension of sentence of the court thereon be immediately chargeable to and paid by the proper county: Provided, that the county shall be liable only for the costs of such witnesses as the district attorney shall certify were subpoenaed by his order and were in attendance and necessary to the trial of the case."

We at once observe that the legislature by the foregoing amendment added "by a plea of guilty and sentence or suspension of sentence of the court" so that under this present act, the county becomes immediately chargeable with the costs of prosecution, and the justice of the peace and prosecuting officer are entitled to be reimbursed for their costs by the county, and,

therefore, without the issuance of a rule upon the county commissioners, we enter the following:

### Order of Court

And now November 21, 1960, it is ordered and decreed that the County of Columbia shall forthwith make payment of the proper costs to the persons legally entitled thereto in the above cases in accordance with the said act of assembly, as amended, and this order of court shall be sufficient warrant for the payment of said costs.